GLADNEY, Judge
(dissenting).
It is my belief plaintiffs have not established a case of actionable negligence.
*670 The following testimony was given by State Trooper Kidd, who was at the scene of the accident shortly after it occurred :
“Q. Now, did you measure the skid marks of the car being driven by Grady Malone? A. Yes, sir, I am sure I did. I measured them all.
“Q. About what difference did that car skid up to the point of impact?. A. One Hundred Forty-Seven feet.
* * * H= * =M
“Q. I believe the weather was clear? A. Yes, sir.
“Q. And the accident occurred in open country? A. Yes, sir.
“Q. And I believe the road was straight for about five hundred feet distance from the point of the accident? A. Apparently, yes, sir.
“Q. And I believe the road was level ? A. That is right.
“Q. And it was surfaced with gravel and oiled? A. Gravel, yes, sir; I don’t know whether it was oiled, I believe.
****♦*■
“Q. The fact that this Frazier car skidded one hundre'd forty-seven feet before it struck Mr. Hughes’ car, and it knocked Mr. Hughes’ car a distance of seventy-six feet, would that indicate to you that that car had been traveling at a fast rate of speed before the brakes were applied? A. Yes, sir, I believe it would indicate it was traveling at a good rate of speed.”
' Malone’s failure to stop or control his automobile within a distance of 500 feet was the proximate cause of the accident. He was negligent by reason of excessive speed, failure to see what he should have seen when he could have brought his car under control, or for not having control of his car. The brakes may have been faulty if the car skidded 147 feet and struck the Hughes car with force sufficient to knock it 72 feet.
Such negligent acts or any one of them, constituted an intervening efficient cause which relieved Hughes and his employer of liability. It was a new and independent force that broke the causal connection between the original wrong and the injury. 65 C.J.S., Negligence, § 111; Cornell v. United States Fidelity & Guaranty Company, La.App., 2 Cir., 1942, 8 So.2d 364.
The negligence charged to a person sought to be held liable must be the proximate and not a remote or indirect cause of the accident. The “proximate cause” is that cause which, in a natural and continuous sequence unbroken by any efficient, intervening cause, produces the injury, and without which the result would not have occurred. The rule is thoroughly discussed in Frazier v. Ayres, La.App., 2 Cir., 1945, 20 So.2d 754, 757, 760. In the instant case the parking of Hughes’ car, wrongful of course, was merely a circumstance and not its proximate cause.
I respectfully dissent.
■ Rehearing denied. Gladney, J., dissenting.